**BUCK LAW FIRM**
Tyler J. Buck, Esq. (SBN 294390)
Mail: 2305 Historic Decatur Road, Suite 100
San Diego, CA 92106
(619) 431-0287; fax: (760) 820-9010
tyler@thelawbuck.com

Attorney for Plaintiff, THANE CHARMAN

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individually and on behalf of others,<br><br>            Plaintiff,<br>      vs.<br><br>BIG BLOCK REALTY, INC.,<br><br>            Defendant. | Case No. **'20 CV1390 AJB BGS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMPER PROTECTION ACT, 47 U.SC. § 227, ET SEQ.**<br><br>**Demand for Jury Trial** |

## INTRODUCTION

1.  Plaintiff THANE CHARMAN ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of BIG BLOCK REALTY, INC. ("Defendant"), in negligently and/or willfully contacting Plaintiff and class members by sending unsolicited text message advertising on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading their privacy and causing harm to Plaintiff and other class members. Plaintiff alleges as follows upon personal knowledge as to

///

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2. his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney of record.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

4. Venue is proper in the United States District Court for the Southern District of California under 18 U.S.C. § 1391(b) because (i) the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California, County of San Diego, within this judicial district, (ii) Plaintiff resides in this judicial district, and (iii) at all times relevant, Defendant conducted business within this judicial district.

**PARTIES**

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was a California corporation with a principal place of business in San Diego, California.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**FACTUAL ALLEGATIONS**

8. At all times relevant, Defendant conducted business in the State of California, County of San Diego, within this judicial district, specifically by locating Plaintiff's cellular telephone number, and sending automated text message communications to Plaintiff's cellular "telephone number" as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

///

2

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    9.    Plaintiff never entered into an "established business relationship" with Defendant as defined by 47 U.S.C. 227(a)(2).

10.    Plaintiff did not provide his cellular telephone number XXX-XXX-1119 to Defendant, through any medium.

11.    On or about May 17, 2018, Plaintiff registered his cellular telephone number XXX-XXX-1119 on the National Do Not Call Registry.

12.    Despite the absence of an established business relationship and Plaintiff's registry on the Do Not Call List, Defendant sent an unsolicited advertisement to Plaintiff's cellular telephone number XXX-XXX-1119.

13.    On or about January 11, 2020, Defendant texted Plaintiff the following unsolicited advertisement:



14.    Plaintiff is informed and believes, and thereon alleges that Defendant used an "automatic telephone dialing system" ("ATDS") to send the unsolicited advertisement to Plaintiff's cellular telephone number as defined by 47 U.S.C. 227(a)(1) and <u>Marks v. Crunch San Diego, LLC</u>, 904 F.3d 1041, 1051 (2018). Defendant used an ATDS because the software/system had a capacity to store and dial numbers, such as Plaintiff's cellular telephone number, automatically.

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

15. Following the text message from Defendant, Plaintiff communicated with employee/agent of Defendant Paul Burke (DRE 01753248). Mr. Burke admitted to Plaintiff that Defendant used ATDS software to send "text message blasts" to large groups of people.

16. Defendant's unsolicited advertisement to Plaintiff was not made for "emergency purposes" as exempted in 47 U.S.C. § 227(b)(1)(A) or made with Defendant's prior express consent as exempted in 47 47 U.S.C. § 227(b)(1)(A).

17. As a result of Defendant's conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this case on behalf of himself and on behalf of Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3) and/or (b)(2).

19. Plaintiff proposes to represent the following Class consisting of and defined as follows:

All persons within the United States who received any call/text from Defendant or its agent(s) and/or employee(s) to said person's cellular telephone through the use of any ATDS within the four years prior to the filing of this Class Action Complaint.

20. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more. Therefore, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

21. Plaintiff and members of the Class were harmed by the acts and conduct of Defendant in at least the following ways: Defendant, either directly or through its employees/agents illegally contacted Plaintiff and the Class members by

4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

making calls or texts to their cellular telephones for the purpose of making unsolicited advertisements causing Plaintiff the Class members to incur cellular telephone charges and invading the privacy of said Plaintiff and the Class members.

22. This Class Action seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

24. There is a well-defined community of interest in the question of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

(a) Whether, within the last four years, Defendant or its agents sent any text messages to the Class (other than a message for emergency purposes or with the prior express consent of the called party) using any ATDS to any cellular telephone number;

(b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

(c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

25. As a person that received at least one unsolicited advertising via text message via Defendant's ATDS, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

26. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's violations of the TCPA. Absent a Class Action, the Class will continue to face the potential for continued irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely to continue to engage in such unlawful conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

27. A Class Action is a superior method for the fair and efficient adjudication of this matter. Class-wide damages are essential to induce Defendant's compliance under the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

28. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

**(Negligent Violations of the TCPA, 47 U.S.C. § 227 et seq.)**

29. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

30. Defendant's call (text) to Plaintiff's cellular telephone for unsolicited advertisements constitutes a negligent violation of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

32. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting Defendant's conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

## FIRST CAUSE OF ACTION

**(Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 et seq.)**

33. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

34. Defendant's call (text) to Plaintiff's cellular telephone for unsolicited advertisements constitutes a knowing and/or willful violation of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of trebles damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting Defendant's conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests this Court to grant Plaintiff and the Class members the following relief against Defendant:

<u>First Cause of Action</u>

(i) As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);

(ii) Injunctive relief under 47 US.C. § 227(b)(3)(A); and

(iii) Any other relief the Court may deem just and proper.

///

///

7

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

<u>Second Cause of Action</u>

(i) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(ii) Injunctive relief under 47 US.C. § 227(b)(3)(A); and

(iii) Any other relief the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury as to all issues so triable.

Respectfully Submitted,

Dated: May 21, 2020

**BUCK LAW FIRM**
Tyler J. Buck, Esq. (SBN 294390)
2305 Historic Decatur Road, Suite 100
San Diego CA 92106

By: s/ Tyler Buck
Tyler J. Buck, Esq.

Attorney for Plaintiff, THANE CHARMAN

Email: tyler@thelawbuck.com

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**BUCK LAW FIRM**
Tyler J. Buck, Esq. (SBN 294390)
Mail: 2305 Historic Decatur Road, Suite 100
San Diego, CA 92106
(619) 431-0287; fax: (760) 820-9010
tyler@thelawbuck.com

Attorney for Plaintiff, THANE CHARMAN

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individually and on behalf of others,<br><br>   Plaintiff,<br> vs.<br><br>BIG BLOCK REALTY, INC.,<br><br>   Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMPER PROTECTION ACT, 47 U.SC. § 227, ET SEQ.**<br><br>**Demand for Jury Trial** |

## INTRODUCTION

1. Plaintiff THANE CHARMAN ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of BIG BLOCK REALTY, INC. ("Defendant"), in negligently and/or willfully contacting Plaintiff and class members by sending unsolicited text message advertising on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading their privacy and causing harm to Plaintiff and other class members. Plaintiff alleges as follows upon personal knowledge as to

///

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2.    his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney of record.

## JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

4.    Venue is proper in the United States District Court for the Southern District of California under 18 U.S.C. § 1391(b) because (i) the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California, County of San Diego, within this judicial district, (ii) Plaintiff resides in this judicial district, and (iii) at all times relevant, Defendant conducted business within this judicial district.

## PARTIES

5.    Plaintiff is, and at all times mentioned herein was, a citizen and resident of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

6.    Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was a California corporation with a principal place of business in San Diego, California.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

8.    At all times relevant, Defendant conducted business in the State of California, County of San Diego, within this judicial district, specifically by locating Plaintiff's cellular telephone number, and sending automated text message communications to Plaintiff's cellular "telephone number" as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

///

2

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

9.  Plaintiff never entered into an "established business relationship" with Defendant as defined by 47 U.S.C. 227(a)(2).

10. Plaintiff did not provide his cellular telephone number XXX-XXX-1119 to Defendant, through any medium.

11. On or about May 17, 2018, Plaintiff registered his cellular telephone number XXX-XXX-1119 on the National Do Not Call Registry.

12. Despite the absence of an established business relationship and Plaintiff's registry on the Do Not Call List, Defendant sent an unsolicited advertisement to Plaintiff's cellular telephone number XXX-XXX-1119.

13. On or about January 11, 2020, Defendant texted Plaintiff the following unsolicited advertisement:



14. Plaintiff is informed and believes, and thereon alleges that Defendant used an "automatic telephone dialing system" ("ATDS") to send the unsolicited advertisement to Plaintiff's cellular telephone number as defined by 47 U.S.C. 227(a)(1) and <u>Marks v. Crunch San Diego, LLC</u>, 904 F.3d 1041, 1051 (2018). Defendant used an ATDS because the software/system had a capacity to store and dial numbers, such as Plaintiff's cellular telephone number, automatically.

///

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

15. Following the text message from Defendant, Plaintiff communicated with employee/agent of Defendant Paul Burke (DRE 01753248). Mr. Burke admitted to Plaintiff that Defendant used ATDS software to send "text message blasts" to large groups of people.

16. Defendant's unsolicited advertisement to Plaintiff was not made for "emergency purposes" as exempted in 47 U.S.C. § 227(b)(1)(A) or made with Defendant's prior express consent as exempted in 47 47 U.S.C. § 227(b)(1)(A).

17. As a result of Defendant's conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this case on behalf of himself and on behalf of Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3) and/or (b)(2).

19. Plaintiff proposes to represent the following Class consisting of and defined as follows:

All persons within the United States who received any call/text from Defendant or its agent(s) and/or employee(s) to said person's cellular telephone through the use of any ATDS within the four years prior to the filing of this Class Action Complaint.

20. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more. Therefore, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

21. Plaintiff and members of the Class were harmed by the acts and conduct of Defendant in at least the following ways: Defendant, either directly or through its employees/agents illegally contacted Plaintiff and the Class members by

4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

making calls or texts to their cellular telephones for the purpose of making unsolicited advertisements causing Plaintiff the Class members to incur cellular telephone charges and invading the privacy of said Plaintiff and the Class members.

22. This Class Action seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

24. There is a well-defined community of interest in the question of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

(a) Whether, within the last four years, Defendant or its agents sent any text messages to the Class (other than a message for emergency purposes or with the prior express consent of the called party) using any ATDS to any cellular telephone number;

(b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

(c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

25. As a person that received at least one unsolicited advertising via text message via Defendant's ATDS, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

26. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's violations of the TCPA. Absent a Class Action, the Class will continue to face the potential for continued irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely to continue to engage in such unlawful conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

27. A Class Action is a superior method for the fair and efficient adjudication of this matter. Class-wide damages are essential to induce Defendant's compliance under the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

28. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

**(Negligent Violations of the TCPA, 47 U.S.C. § 227 et seq.)**

29. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

30. Defendant's call (text) to Plaintiff's cellular telephone for unsolicited advertisements constitutes a negligent violation of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

32. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting Defendant's conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

## FIRST CAUSE OF ACTION

**(Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 et seq.)**

33. Plaintiff incorporates by reference all of the above paragraphs of this Class Action Complaint as though fully stated herein.

34. Defendant's call (text) to Plaintiff's cellular telephone for unsolicited advertisements constitutes a knowing and/or willful violation of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of trebles damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting Defendant's conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests this Court to grant Plaintiff and the Class members the following relief against Defendant:

### First Cause of Action

(i) As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);

(ii) Injunctive relief under 47 US.C. § 227(b)(3)(A); and

(iii) Any other relief the Court may deem just and proper.

///

///

7

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Second Cause of Action

(i) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(ii) Injunctive relief under 47 US.C. § 227(b)(3)(A); and

(iii) Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury as to all issues so triable.

Respectfully Submitted,

Dated: May 21, 2020

**BUCK LAW FIRM**
Tyler J. Buck, Esq. (SBN 294390)
2305 Historic Decatur Road, Suite 100
San Diego CA 92106

By: s/ Tyler Buck
Tyler J. Buck, Esq.

Attorney for Plaintiff, THANE CHARMAN

Email: tyler@thelawbuck.com

8

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF